## WILLIAM TYLER *vs.* WILLIAM H. SMITH.

### PROVIDENCE—DECEMBER 14, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Malicious Prosecution.*

Charter of the city of Pawtucket, clause 2, of section 3, is as follows: "The mayor shall have power to discontinue all actions brought against any person on behalf of the city for any violation of a city ordinance, and to order the discharge of the person complained against, either before or after conviction, whenever, in his judgment, the good of the city requires it:"—

*Held*, that such a termination of the proceedings furnishes no evidence of the innocence of the accused in an action of malicious prosecution brought by him against the original complainant.

TRESPASS ON THE CASE for malicious prosecution. Heard on demurrer to declaration, and sustained.

PER CURIAM. This is an action on the case for malicious prosecution, in which it is alleged that the defendant maliciously and without justifiable cause procured a complaint to be made against the plaintiff in the District Court of the Tenth Judicial District, charging the plaintiff with reveling in violation of the ordinance of the city of Pawtucket; that the plaintiff was arrested and held to bail upon a warrant issued by said court upon said complaint; that the plaintiff was thereafterwards discharged from arrest by order of the mayor of Pawtucket, and said warrant was dismissed from said court; that the plaintiff was innocent of the offence charged, and by reason of the bringing of the complaint and the arrest was greatly injured.

The defendant demurs to this declaration, on the ground that the discharge by the mayor was an arbitrary act not involving the merits of the case, and that the case is not alleged to have terminated in such a manner as to enable the plaintiff to maintain this suit.

(1)　The rule invoked by the defendant is laid down in *Rounds* v. *Humes*, 7 R. I. 535, by Chief Justice Ames, as follows: "In

an action for a malicious arrest, as well as in an action for a malicious prosecution, the plaintiff must allege in his declaration not only that the proceeding complained of is terminated, but the manner in which it has been terminated; for the reason, as explained by Lord Tenterden, in *Wilkinson* v. *Howel*, 1 Mood. & Malk. 495, 'that the termination must be such as to furnish *prima facie* evidence that the action was without foundation.' "

The rule very plainly requires us to sustain the demurrer in this case.

The power which the mayor exercised is granted by clause 2 of section 3 of the charter of the city of Pawtucket, as follows:

"The mayor shall have power to discontinue all actions brought against any person on behalf of the city for any violation of a city ordinance; and to order the discharge of the person complained against, either before or after conviction whenever, in his judgment, the good of the city requires it."

Such a termination of the proceeding furnishes no evidence of the innocence of the accused.

Demurrer sustained, and case remanded to the Common Pleas Division for further proceedings.

*Hugh J. Carroll*, for plaintiff.
*James L. Jenks*, for defendant.